IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| THOMAS M. WILSON | § | |
| | § | CIVIL ACTION NO. _____ |
| VS. | § | |
| | § | Judge _____ |
| THE GOODYEAR TIRE & RUBBER | § | |
| COMPANY | § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

### A. Parties

1. Plaintiff, Thomas Wilson, is an individual that is a citizen of the State of Texas.

2. Defendant, The Goodyear Tire & Rubber Company ("Goodyear"), is a foreign corporation doing business in the State of Texas   Goodyear may be served with process by delivery to its registered agent in Texas, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### B. Jurisdiction

3. The court has jurisdiction over the lawsuit under the federal question jurisdiction 28 U.S.C. § 1331 because some of the civil actions alleged arise under federal laws prohibiting employment discrimination based on disability pursuant to 42 U.S.C. §12112.

### C. Venue

4. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this district. The plaintiff worked for defendant at its location in Beaumont, Texas, which is within this district. The unlawful employment practices occurred at that location.

### D. Exhaustion of Administrative Remedies

5.     Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A.

### E.  Background

6.     Plaintiff began working for defendant in 2010 as a Technician at defendant's chemical plant in Beaumont, Texas.

7.     On December 19, 2012, defendant assigned plaintiff to take an "observed" urine test. Plaintiff informed the observer that he could not urinate in front of people, as he has suffered from shy bladder syndrome since he was a child. Plaintiff offered to be catheterized and provide hair and blood samples.  Defendant did not allow it.

8.     On or around January 3, 2013, defendant sent plaintiff for another observed urine test. Plaintiff advised defendant of his condition again, and once again offered to be catheterized and provide hair and blood samples.  Defendant did not allow it, and did not allow plaintiff to come back to work until February 4, 2013.

9.     On February 1, 2013, plaintiff's medical doctor provided a note that diagnosed plaintiff's shy bladder syndrome and prescribed catheterizing for urine tests.

10.    After returning to work on or around February 4, 2013, defendant sent plaintiff for another observed urine test. Plaintiff advised the doctor performing the test that he could not urinate in front of people, as he suffers from shy bladder syndrome, which had been diagnosed by his doctor.  Plaintiff told the doctor performing the urine test and defendant that he needed a catheter in order to provide the urine, his doctor has diagnosed his shy

bladder syndrome, his doctor prescribed catheters for the urine test, and that he would be happy to be catheterized in order to complete the urine test. Defendant's Human Resources representative told plaintiff that under no circumstance would they change anything for him that they had not done for someone else.  Defendant refused to allow plaintiff to be catheterized in order to perform the urine test.

11.  Defendant subsequently terminated plaintiff for not being able to provide a negative urine sample.

### F. Causes of Action

### American with Disabilities Act Violations

12.  Plaintiff is disabled, as defined by the Americans with Disabilities Act (ADA). 42 U.S.C. §§12102, 12111(8). Plaintiff suffers from Paruresis, also known as shy bladder syndrome.  Plaintiff is otherwise qualified to perform the essential functions of his job.

13.  Plaintiff is an employee within the meaning of the ADA. 42 U.S.C. §12111(4). Defendant is "covered entity" within the meaning of the ADA.  42 U.S.C. §12111(2).

14.  Defendant violated the ADA by intentionally discriminating against plaintiff on the basis of his disability. Plaintiff advised defendant that he was physically unable to take an observed urine test without being catheterized because he suffers from shy bladder syndrome.  Defendant refused to acknowledge plaintiff's disability and the accommodations plaintiff required to perform a urine test.

15.  Defendant discriminated against plaintiff by failing to accommodate. Plaintiff requires reasonable accommodations to perform an observed urine test, which is a requirement of his job. The reasonable accommodation he requires, which he requested and his doctor prescribed, was a catheter in order to urinate in front of other people.

Although plaintiff requested this accommodation, defendant did not make it.

16     Defendant terminated plaintiff for not being able to provide a negative urine sample, which he was unable to do because he could not urinate in front of people.

### Retaliation Under ADA

17.    Defendant unlawfully retaliated against plaintiff because he opposed a practice made unlawful by the ADA.  Plaintiff reported to defendant his opposition to its unlawful discrimination based on disability.  Plaintiff's opposition to the practice was a protected activity under the ADA, 42 U.S.C. § 12203(a).  The defendant subjected plaintiff to an adverse employment action by denying him appropriate accommodations and terminating his employment.  A causal link exists between the protected activity and the defendant's action.  Any other reasons by defendant for the adverse employment action are merely pretexts.

### G. Damages

18.    Pursuant to 42 U.S.C.§ 12117(a) and 42 U.S.C. § 12203(c), the ADA provides for relief as set forth in Title VII, 42 U.S.C. § 2000e-5.

19.    As a direct and proximate result of defendant's conduct, plaintiff has suffered damages and losses entitling him to the following remedies:

   a.   Back pay, including that amount of wages and employment benefits plaintiff would have earned if he had not been subjected to defendant employer's unlawful conduct less any wages, unemployment compensation benefits, or worker's compensation benefits he received in the interim.  ("Employment benefits" include sick leave pay, vacation pay, profit sharing benefits, stock options, pension fund benefits, housing or transportation subsidies, bonuses, monetary loses incurred as a result of loss of health, life, dental, or similar insurance coverage.);

   b.   Reinstatement;

    c.      Front pay, if reinstatement is inappropriate.

    d.      Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, expenses incurred in seeking other employment, and loss of enjoyment of life; and

    e.      Compensatory damages in the future, which include economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

### H.  Attorney Fees

20.  Plaintiff is entitled to an award of attorney fees, including expert fees, and costs under 42 U.S.C. § 12205 and/or 42 U.S.C. § 2000e-5(k).

### I. Additional Damages

21.  Plaintiff seeks exemplary damages because defendant intentionally violated the ADA and acted with malice or reckless indifference to plaintiff's federally protected rights. 42 U.S.C. § 1981a(b)(1).

### J.  Jury Demand

22.  Plaintiff requests a trial by jury.

### K.  Prayer

23.  For these reasons, plaintiff asks for judgment against defendant for the following:

    a.      Reinstatement to his prior job and position;

    b.      Back pay and front pay, including all employment benefits;

    c.      Compensatory damages in the past, including emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

    d.      Compensatory damages in the future, including economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

    e.      Exemplary damages;

f. Attorney fees and courts costs; and

g. All other relief the Court deems appropriate, at law and in equity.

        Respectfully submitted,

        BUSH LEWIS, PLLC
        595 Orleans Street, Suite 500
        Beaumont, TX 77701
        409/835-3521
        409/835-4194 (Fax)

By: _____
        Kenneth W. Lewis
        Ken.L@bushlewis.com
        Texas Bar #12295300
        Stephen L. Townsend
        Stephen.T@bushlewis.com
        Texas Bar #24071539

ATTORNEYS FOR PLAINTIFF